OPINION OF THE COURT
Eve Preminger, J.
Petitioner challenges respondent’s lien pursuant to Lien Law § 201-a.
Petitioner requested respondent, a motion picture film laboratory, to make a 35-millimeter negative and prints of “Scalps”, a motion picture which petitioner was about to distribute. Petitioner never paid respondent for the work but, following negotiations between the parties, signed a financing statement signing over certain accounts receivable to respondent. Petitioner also executed a letter agreement admitting that it owed respondent $29,395. Paragraph 7 (f) of that document reserves to respondent all rights provided to respondent by statute, in addition to those it obtained under the agreement, and paragraph 10 reserved respondent’s right under Lien Law § 188.
On the strength of this agreement, respondent released the prints and negative to petitioner. Additional time passed; petitioner gave respondent 12 additional films and ordered prints for each of them. Payment of the $29,395 was still not forthcoming, however, and respondent took steps to sell the 12 films in its possession, as provided for by section 188, by serving notice of sale.
*930 Petitioner challenges respondent’s lien on three separate grounds. It claims, first, that respondent failed to give an itemized statement of its claim, as required by section 201 (1). The court has inspected the notice of sale and finds that respondent has sufficiently complied with this requirement. Petitioner next questions respondent’s authority to include a charge for storage costs in its lien (although it does not claim that such a charge is excessive); such authority can be found in section 188. Petitioner lastly contends that respondent lacks a valid lien because it did not make positive prints of the films. Under section 188, no lien exists unless these prints have been made (Independent Film Distrib. v Chesapeake Indus., 250 F2d 951 [2d Cir 1958]).
Although respondent did not make positive prints of the 12 films it is now attempting to sell, it is unrebutted that it made 20 prints of “Scalps”, which is all that is required to comply with the statute. Section 188 states that if the creditor has made a positive print, it is given a lien “upon any and all other negative or positive prints or films * * * in [its] possession”. Nor should the fact that respondent released the “Scalps” prints to petitioner alter this result, as paragraph 10 of the letter agreement reserved all rights respondent had under section 188. The release of the “Scalps” prints did not therefore act as a waiver of respondent’s right to a lien on the 12 remaining films.
Petitioner’s application is, accordingly, denied.